**In re the Petition for DISCIPLINARY ACTION AGAINST Victor B. ANDERSON, an Attorney at Law of the State of Minnesota.**

**No. C7–71–43601.**

Supreme Court of Minnesota.

Oct. 22, 1992.

### ORDER

On February 5, 1992, the Director of the Office of Lawyers Professional Responsibility filed a petition for revocation of probation and for further discipline with this Court alleging that the respondent Victor B. Anderson had committed professional misconduct warranting public discipline. Subsequently, on June 23, 1992, the Director filed a supplementary petition for revocation and further discipline. In the

petition and supplementary petition, the Director alleges that respondent committed various trust account violations, including misappropriation, and failed to cooperate with the Director's Office in its investigation of this matter.

After the petitions had been filed, this court appointed a referee to make and report findings of fact and recommendations for the disposition of this matter. On July 31, 1992, at a hearing before the referee, respondent and the Director entered into a stipulation for discipline which the referee approved. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility, and agreed to the immediate disposition of this matter by this court. The Director withdrew the allegations of non-cooperation against respondent and, with regard to the other allegations, stipulated along with the respondent that, although respondent failed to maintain required trust account books and records and improperly certified to this court on his attorney registration statements that he maintained the books and records, any trust account shortages in respondent's trust account were unintentional. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Victor B. Anderson, hereby is placed on supervised probation for a period of 2 years to commence immediately, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the conditions of respondent's probation shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with his probation and shall respond promptly to the Director's correspondence by the due date or within 10 days of the date of communication. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention, and with the Director's investigation of any trust account overdraft notices. Upon the Director's request, respondent shall provide authorizations for release of information and other requested information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor respondent's compliance with the terms of this probation. Within 2 weeks of the date of this order, respondent shall provide the Director with four names of attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor.

c. Respondent shall cooperate fully with the supervisor in the supervisor's efforts to monitor respondent's compliance with this probation.

d. Either respondent's admission or a referee finding of further professional misconduct or non-cooperation with the Director or probation supervisor shall constitute conclusive evidence of a breach of this probation.

e. Respondent shall maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Opinion No. 9. By the first day of every month, respondent shall make available to his supervisor, and to the Director if the Director so requests, all books, records, ledgers and account information pertaining to respondent's office and trust accounts for purposes of professional review.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.